UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. MCNEIL,

    Plaintiff,

v.                                              Case No:   6:19-cv-249-Orl-41TBS

HOUDA I. NAKHLA and WAFIEK B.
NAKHLA,

    Defendants.

## REPORT AND RECOMMENDATION

This Americans with Disabilities Act case comes before the Court *sua sponte*. Plaintiff filed suit against Defendants Wafiek B. Nakhla, Houda I. Nakhla, and Madden Enterprises Inc., d/b/a Maddens Ace Beachside on February 7, 2019 (Doc. 1). On March 27, Plaintiff and Defendant Madden informed the Court that they had reached a full settlement (Doc. 12). On May 20, 2019, the Court dismissed all of Plaintiff's claims against Defendant Madden with prejudice (Doc. 13).

There has been no return showing service of process on Defendants Wafiek B. Nakhla and Houda I. Nakhla and they have not appeared in the case. On May 30, 2019 the Court entered an Order to Show Cause why the claims against these Defendants should not be dismissed for lack of prosecution based upon Plaintiff's failure to serve them (Doc. 14). Plaintiff responded that despite multiple attempts, he had been unsuccessful, and asked for a two week extension of time, to "June 21, 2019, to make a final attempt to serve the Defendants and file an Affidavit of Service or Non-Service informing this Honorable Court the outcome of this final service attempt at the Orlando address which was discovered via the skip trace June 5, 2019." (Doc. 15, ¶ 9). The word

"final" is commonly understood to mean the last or the end. The Court granted the requested extension (Doc. 17).

Plaintiff failed to serve Defendants and on June 21, 2019 he filed his second motion to enlarge the time to accomplish service of process (Doc. 18). Despite representing to the Court that he would make his final attempt at service by June 21, Plaintiff asked for an additional two-week extension of time, stating as grounds, his belief that Defendants were evading service of process (Doc. 18). The motion was granted, and the deadline to serve Defendants was extended to July 9, 2019 (Doc. 19).

Plaintiff was still unable to serve Defendants and on July 9, 2019, he filed his Motion for Final Request to Extend Time to Conduct Service of Process as to Defendants Houda U. Nakhla and Wafiek B. Nakhla (Doc. 20). Plaintiff alleged in the motion that Defendants were willfully evading service of process (Id., ¶ 20). And, he requested "a final 2 week extension of time, until and including, July 23, 2019" (Id., ¶ 21). The motion was granted with the admonition that "no future extensions shall be granted" (Doc. 21).

Once again, Plaintiff was unsuccessful, and on July 23, he filed his Motion for Second Final Request to Extend Time to Conduct Service of Process as to Defendants Houda U. Nakhla and Wafiek B. Nakhla (Doc. 22). The motion reported on attempts by process servers to locate and serve Defendants and assured the Court that if granted, the motion would be Plaintiff's "last and final" request for more time (Id., at 4). I denied the motion because: (1) twice before the Court had accepted Plaintiff's representation that he was making his final request for an extension; (2) the Court had placed Plaintiff on notice that no further extensions would be granted; and (3) nothing in the motion gave me any reason to believe that Plaintiff would succeed in serving Defendants if given the additional time (Doc. 23).

"If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' " Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in* Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). "Plaintiff bears the burden of proving ... good cause for failure to timely effect service." Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994) (unpublished) (citations omitted).

Good cause requires a showing that the plaintiff "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance; (3) and the basis for the delay was more than simple inadvertence or mistake." Daker v. Donald, No. 1:06-cv-0054-RWS, 2008 WL 1766958, at *3 (N.D. Ga. April 14, 2008) (citations omitted).

Even when the court finds that a plaintiff has failed to show good cause the court must still consider whether other circumstances warrant an extension of time based on the facts of the case. Lepone-Dempsey, 476 F.3d at 1282. These other factors include whether the applicable statute of limitations would bar a re-filed action, whether the defendant is evading service, whether the defendant has actual notice of the lawsuit, whether the defendant will be prejudiced by the extension, the nature of the plaintiff's efforts at service, and how far beyond the 90-day limit service is perfected. Lawrence v. Bank of America N.A., No. 1:13-cv-03557-AT-RGV, 2014 WL 12859731, at *5 (N.D. Ga. May 30, 2014).

Plaintiff has certainly made real efforts to serve Defendants who, it appears, have knowledge of this lawsuit and are evading service of process. These factors weigh on the side of giving Plaintiff more time. However, this case was filed 168 days ago, Plaintiff has been unable to serve Defendants, he does not allege that the statute of limitations would bar him from re-filing, and it appears from the averments in his complaint that Plaintiff's cause of action accrued on September 29, 2018 (Doc. 1, ¶ 4). These factors weigh against Plaintiff. In addition, while people who evade service of process don't deserve special consideration, Plaintiff has already had two "final" extensions of time and has been unable to serve Defendants. Moreover, he has not proffered any reason to believe he would be able to serve Defendants if given the additional the three additional weeks he requested, and which I denied.

Upon consideration of these circumstances, I respectfully recommend that this case be dismissed without prejudice, pursuant to FED. R. CIV. P. 4(m) based upon Plaintiff's failure to serve the remaining Defendants.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 24, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties